# STATE OF VERMONT

# ENVIRONMENTAL COURT

In re: Appeal of  Thomas  } Docket No. 37-2-02
J. Morse                  } Vtec
                          }
                          }
                          }

Decision and Order on Appellant=s Pending Motions

In the above-captioned case[1], Appellant has appealed from the January 10, 2002 decision of the Zoning Board of Adjustment (ZBA) of the Town of Brighton denying his application for a conditional use for The Grand View, apparently for lack of specificity in the application rather than on its merits under the conditional use criteria. Appellant represents himself; the Town is represented by Paul S. Gillies, Esq. Appellant has filed a number of documents requesting action by the Court, but also requested that Judge Wright disqualify herself. That motion was referred without ruling by Judge Wright to the Administrative Judge for Trial Courts as provided by V.R.C.P. 40(e)(3). Judge Cashman was assigned and denied the motion to recuse on April 3, 2002, after hearing. Accordingly, the matter was returned to Judge Wright to address the other pending motions.

In various filings, we note that Appellant has alluded to the possibility of filing a suit or suits for damages. As we also pointed out in September of 2000 in the earlier case, any complaint against the Town or against any named individuals seeking money compensation or punitive damages for any of their actions, including any complaint for defamation of character, must be filed in the Essex Superior Court (or in federal court if brought under any federal law.) The Vermont Environmental Court does not have jurisdiction of such claims.

Appellant has filed the following motions or requests in the above-captioned case[2]:

- Motion filed February 25, 2002 requesting A a court order to direct the Town of Brighton to cease and desist on the demand

to meet the requirements of Paragraphs 401.1 and 401.2@ (of the Town of Brighton Zoning Bylaw). The Town= s response was filed on March 12, 2002. Appellant made a supplementary filing on this motion on April 2, 2002.

- Motion filed February 25, 2002 requesting that the Court A direct the Brighton Planning Commission to cease and desist on the political persecution of Tom Morse and to restore his land rights on the grounds of not being allowed to inspect is unconstitutional.@ This document also contains certain discovery requests of the Town regarding the ZBA decision on appeal. The Town= s response was filed on March 12, 2002. Appellant made a supplementary filing on this motion on April 2, 2002.

- Motion filed March 7, 2002, entitled A Requesting relief from persecution,@ requesting by implication an order preventing the Town Constable from serving Appellant with notices of trespass. This document also requests A a motion requiring the Town of Brighton and Mr. Gillies to respond to requests for discovery@ outlined in the document. This document also requests A a motion for dismissal on the following grounds@ which is actually a motion that the Court A grant the permits requested in the application.@ The Town= s response was filed on March 12, 2002. Appellant made a supplementary filing on this motion on April 2, 2002.

- Motion filed March 13, 2002, entitled A Request hearing or if information is adequate a summary dismissal.@ The Town= s response was filed on March 18, 2002.

- Motion file April 1, 2002, requesting a continuance in Docket No. 32-2-02 Vtec (now set for trial on April 16, 2002) until after the Vermont Supreme Court has decided the other appeal, or at least for 30 days. The Town= s response was filed on April 3, 2002.

- In a document filed on April 2, 2002, as well as making supplementary arguments with respect to some of the pending motions, Appellant appears to be arguing for the Court to consider with regard to the merits of the present appeal the constitutionality of the passage of and certain provisions of Act 200.

We address each of these motions or requests as follows.

Motions 1) to direct the Town of Brighton to cease and desist on the demand to meet the requirements of Paragraphs 401.1 and 401.2, and 2) to require the Brighton Planning Commission to cease and desist on

<u>the political persecution of Tom Morse and to restore his land rights on the grounds of not being allowed to inspect is unconstitutional</u>

The previous case recognized that certain uses in The Grand View were grandfathered, but that the **lodging** use of The Grand View required a permit because the evidence did not support that it was grandfathered or because the evidence showed that any possible grandfathered lodging use had lapsed. Appellant disagreed with that ruling and appealed it to the Vermont Supreme Court, but also applied for a permit, presumably for the lodging use, and possibly for some other uses. The only dispute before the Court in the present case is the ZBA= s denial of conditional use approval for whatever use or uses Appellant applied for to the ZBA.

The Zoning Bylaws adopted in July of 1996 require in ' 401 that A no zoning permit shall be issued by the Administrative Officer for any use or structure except for one family and two family dwellings until the Planning Commission grants site development plan approval.@ Appellant appears to challenge the Planning Commission= s jurisdiction over site plan approval, and requests the Court to order the Town not to apply this section of the Zoning Bylaws to Appellant= s application regarding The Grand View. Also, the Planning Commission may have discussed Appellant= s refusal to allow on site inspections of the property as a reason for denying or refusing to consider some application.

However, if Appellant has applied for and been refused site plan approval by the Planning Commission, no appeal of the Planning Commission= s decision has been received by this Court and therefore no issue regarding site plan approval is before this Court. Any such issue would be <u>de novo</u> before the Court which would not consider any impermissible or extraneous evidence in making its decision. Moreover, if Appellant seeks to challenge the validity of any section of the Zoning Bylaws adopted in 1996 on a constitutional basis, such a challenge is within the jurisdiction of the Superior Court under 24 V.S.A. ' 4472(b) and not of this Court.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant= s Motions to direct the Town to > cease and desist= its demand that Appellant obtain site plan approval and to order the Planning Commission to > cease and desist= are both DENIED, either as premature (because no appeal from the Planning Commission= s decision has been filed), or as beyond the jurisdiction of this court.

<u>Motion requiring the Town of Brighton and Mr. Gillies to respond to requests for discovery</u>

The rules of civil procedure on discovery require a party to make the request of the other party, and then, if the discovery is not provided, to discuss the matter with the other party= s attorney before bringing it to the attention of the Court. V.R.C.P. 26(h).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant= s Motion to require the Town to respond to discovery is DENIED as premature.

<u>Motion requesting an order preventing the Town Constable from serving Appellant with notices of trespass</u>

This Court has no jurisdiction over private property disputes, or of the service of notices of trespass, or of the actions of the Town Constable. Any such motions must be filed in Superior Court in connection with an action properly filed in Superior Court. Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant= s Motion for an order restraining the town= s agents from serving notices of trespass or otherwise > harassing= Appellant is DENIED as beyond the jurisdiction of this court and beyond the jurisdiction of this zoning appeal.

<u>Motion for > dismissal= which is actually a motion that the Court A grant the permits requested in the application@</u>

Appellant= s application for conditional use approval of the lodging use of The Grand View (and any other permits requested of the Zoning Administrator or ZBA in his application) is all that is before the Court in the present appeal. We must take evidence on the proposed use for which the permit was requested, and whether it meets the criteria for conditional use approval in the Zoning Bylaws. There is insufficient undisputed evidence for the Court to grant that permit based on Appellant= s motion, although at the hearing it is entirely possible that Appellant can come forward with sufficient evidence to support the grant of a conditional use permit. Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant= s Motion for summary approval of the permits requested in the application is DENIED, but entirely without prejudice to Appellant= s presentation of evidence at the hearing in support of the application.

Motion requesting that the Court consider at the hearing the constitutionality of three named issues

Appellant requested that the Court consider at the hearing 1) the constitutionality of A granting the Planning Commission permission to enter private property without the owner= s consent@ and whether the Planning Commission can use an owner= s lack of permission for the Planning Commission= s entry onto private property as grounds for denying a permit; the constitutionality of A granting non-elected Regional Commissions the approval process over formal decisions by elected official and votes by Australian Ballot; @ and 3) the constitutionality of the A actions of Governor Dean when he took 34 days to consider [Act 200] in violation of the 5 day Constitutional rule.@

Act 200 (1987 Adj. Sess.) did not affect or amend the statute allowing towns to require that the planning commission approve site plans. 24 V.S.A. ' 4407(5). In any event, no action of the Planning Commission is before the Court in the present case. It is therefore difficult to determine in advance how any provision of Act 200 would be relevant to the proceeding that is before the Court. Similarly, no action of a regional planning commission is before the Court. When the hearing is held, the Court will consider all evidence that is relevant and material to the matter before the Court, and will rule on any objections at that time.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant= s Motion that the Court consider at the hearing the constitutionality of certain issues is DENIED as premature.

Request for Continuance

Docket No. 32-2-02 Vtec is now set for trial on April 16, 2002. Appellant requests that it be continued until after the Vermont Supreme Court has decided the other appeal (its Docket No. 2001-506) or at least for 30 days. The Town does not oppose the continuance, but points out that the Supreme Court appeal is unlikely to be concluded within 30 days.

We are willing to continue the hearing in the present case until the Supreme Court has ruled in the matter on appeal, if that continuance is what Appellant really wants, as the permit applicant. However, we scheduled the hearing as early as possible so that Appellant could

receive a ruling, and potentially could receive a permit to make a lodging use of The Grand View, in time for the summer tourist season.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant= s Motion for continuance is GRANTED. This matter is hereby placed on inactive status until the Vermont Supreme Court has issued a final decision in Docket No. 2001-506, or until such earlier time as either party requests that it be returned to the active docket. Upon receipt of such a request, the Court will schedule a brief telephone conference to select a new date for the hearing. The parties shall inform the Court as soon as the Supreme Court has issued a ruling.

If, after receiving this decision and order, Appellant wishes instead to proceed with the hearing scheduled for April 16, 2002, he should immediately inform the Court by telephone at 479-4486 and shall also file his request in writing, so that we can continue to reserve the courtroom in Barre for that hearing.

Done at Barre, Vermont, this 5th day of April, 2002.

_____
Merideth Wright
Environmental Judge

---

### Footnotes

[1.]   In an earlier case, Docket No. 174-8-00 Vtec, now on appeal to the Vermont Supreme Court in its Docket No. 2001-506, this Court ruled that Appellant's lodging use of the building was not grandfathered, and that even if such a use had been made in the past, it had lapsed under the abandonment provisions of the zoning bylaws, but that Appellant was entitled to apply for his lodging use as a conditional use under the present zoning bylaws.

2. Appellant's practice is to put all three docket numbers on all his filings and to send them to the Environmental Court, the Supreme Court, Attorney Gillies, and the ZBA and/or the Planning Commission, so that it is at times difficult to determine whether the filing pertains to the above-captioned case or not.